IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

EDWARD C. ABEL                                                    PLAINTIFF

      v.            Civil No. 04-5318

JOANNE KOSTER and
GREGORY KOSTER                                                    DEFENDANTS

### O R D E R

Now on this 8th day of September, 2005, comes on to be considered **Defendants' Motion to Dismiss (Doc. 11)** and plaintiff's **Motion for Scheduling Order, in the Alternative, Motion to Dismiss Defendants' Answers and Motion to Dismiss Defendants' Motion to Dismiss (Doc. 10)**. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. Plaintiff brings this action against his ex-wife and her current husband. All parties are proceeding pro se. Plaintiff purports to bring the action under various civil rights statutes, alleging claims of "fraud" and "conspiracy/obstruction of justice" in connection with divorce and child support proceedings dating back to 1983. Plaintiff had two children with his ex-wife and they are now ages 25 and 32. (Doc. 1.) Plaintiff essentially alleges:

\*    that his 1983 divorce "was obtain[ed] by fraud because [his ex-wife] committed adultery and was pregnant about three months before divorce papers [were] filed" (Doc. 1 ¶ 5);

* that his ex-wife altered the child support order to reflect that he owed double the support obligation and registered the altered order in Texas and then in Arkansas (Id.); and
* that his ex-wife "falsely brought non-support charges" against him (Doc. 1 pgs. 14-15 ¶ 6.)

Plaintiff seeks to recover $500,000.00 in damages and requests that the Court "order a full federal investigation from the apple [sic] day one into the accounting errors in all past state(s) court orders so this Court can see the many errors that have been promoted by said Defendants." (Doc. 1 at pg. 21.)

2. Defendants move to dismiss, asserting that plaintiff's allegations are false and "lacking in substance and validity." (Doc. 11). Plaintiff moves for the issuance of a scheduling order and to dismiss defendants' answers and defendants' motion to dismiss (Doc. 10).

3. Although not raised by the defendants, the Court must examine whether it has subject matter jurisdiction over this matter. See Fed. R. Civ. P. 12(h)(3) (whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action).

The Rooker-Feldman doctrine provides that, "with the exception of habeas corpus petitions, lower federal courts lack

subject matter jurisdiction over challenges to state court judgments." Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000), cert. denied, 531 U.S. 1183 (2001) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)). A party who was unsuccessful in state court is therefore "barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-1006. Thus, a federal district court may not exercise jurisdiction over constitutional claims that are "inextricably intertwined" with claims already adjudicated in state court. Lemonds, 222 F.3d at 492-93. A claim brought in federal court is inextricably intertwined with a state court judgment if the "federal claim succeeds only to the extent that the state court wrongly decided the issue before it." Id. At 493.

4. Attached to plaintiff's complaint is a "Motion to Modify," which plaintiff filed in the District Court of Benton County, Arkansas on November 26, 2003. In this motion, plaintiff made allegations identical to those he makes in the current action and sought to "vacate the registration of the foreign [child support] order ...." (Doc. 1 Ex. A at pg. 10.)

A hearing was held on plaintiff's "Motion to Modify" on March 10, 2004. The transcript of this hearing, which is attached to plaintiff's complaint, reflects that plaintiff's motion to modify was denied on res judicata grounds. Specifically, the state court judge ruled:

> Mr. Abel, I know that you are not satisfied. I doubt that there is anything I can do to satisfy you, but I have given you a hearing on these issues already in 2002, and the order that I entered in 2002 is a final order. It ha[d] to be appealed if you [were] not satisfied with it. You can't come back in now and have a hearing on the same issues again. Motion to dismiss is granted on the grounds of res judicata. (Doc. 1 Ex. E at pgs. 8-9.)

5. As plaintiff's allegations in the instant action are identical to those made in the "Motion to Modify" he filed in state court, they are obviously inextricably intertwined with the issues adjudicated in state court. Thus, "the relief requested in [plaintiff's] federal action would effectively reverse the state court decision or void its ruling." Bechtold v. City of Rosemount, 104 F.3d 1062, 1065 (8th Cir. 1997). Accordingly, the Rooker-Feldman doctrine bars this Court from considering plaintiff's claims, as the federal court action would amount to a "prohibited appeal of the state-court judgment." Id. at 1066.

6. Based on the foregoing, plaintiff's action is **DISMISSED** for lack of subject matter jurisdiction.

**Defendants' Motion to Dismiss (Doc. 11)** is **DENIED** as moot.

Plaintiff's **Motion for Scheduling Order, in the Alternative, Motion to Dismiss Defendants' Answers and Motion to Dismiss Defendants' Motion to Dismiss (Doc. 10)** is likewise **DENIED** as moot.

IT IS SO ORDERED.

<pre>
                                /S/JIMM LARRY HENDREN
                                UNITED STATES DISTRICT JUDGE
</pre>